UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| WILL MUZEK, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 6:18-CV-199-REW |
| v. | ) |
| | ) OPINION AND ORDER |
| EAGLE MANUFACTURING OF | ) |
| NORTH AMERICA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Two motions currently pend before the Court: (1) a Motion to Dismiss on behalf of Defendants Eagle Manufacturing of North America, Inc. (Eagle) and Eagle Director and Chief Executive Officer Douglas Thornburg, II (DE #8); and (2) Plaintiffs Will Muzek's and Robert Orvitz's Motion to Compel inspection of Eagle's corporate records (DE #10). For the reasons that follow, the Court DENIES both motions.

I.  Factual Background

Plaintiffs Muzek and Orvitz allege that they purchased a substantial amount of Eagle stock in November 2017, investing $150,000 each (which they believed to be a low price, for value), based on Thornburg's representations that the company was thriving under his leadership and had secured a lucrative purchase deal and equipment investment. DE #1 ¶¶ 11, 14, 17 (Complaint). Unfortunately, Plaintiff's expectations of "substantial profit" have gone unrealized; they allege that, in reality, no purchase deal was in the works; they bought the shares for substantially more than they were worth, and Eagle was involved in significant inside dealings with its directors. *Id.* at ¶¶ 12, 14, 21. Moreover, Plaintiffs aver that their confidence in Thornburg's leadership

1

capabilities—originally touted as "one of Eagle's strongest assets" and a factor in their decision to purchase—faltered when they learned that his period of employment in "Contract Consulting[,]" as stated on the resume he supplied Plaintiffs prior to their stock purchase, actually coincided with a period of imprisonment Thornburg served for federal wire fraud. *Id.* at ¶ 15. Plaintiffs state that, after learning the inaccuracy of the facts underlying their decision to do business with Eagle, they attempted to rescind their purchase agreements, to no avail. *Id.* at ¶ 18. Nor, Plaintiffs claim, did Eagle acquiesce in their request to inspect Eagle's full corporate records. *Id.* at ¶ 19. Accordingly, Plaintiffs resorted to filing their Complaint, alleging a violation of the Kentucky Blue Sky Law,[1] fraud, negligent misrepresentation, breach of fiduciary duty, and unjust enrichment. *Id.* at ¶¶ 27–43. Plaintiffs also include, as Count I, a demand for inspection of Eagle's records. *Id.* at ¶¶ 22–26.

On August 20, 2018, the Clerk entered default against Eagle and Thornburg for failing to plead or otherwise appear. DE #7. On August 21, 2018, Eagle moved to dismiss the action—notably failing to address the previous entry of default. DE #8. On August 24, 2018, Plaintiffs promptly responded to the motion to dismiss, opposing dismissal (DE #9), and further moved to compel inspection of Eagle's records (DE #10). That same day, Eagle's attorney moved to withdraw from the case. DE #11. Plaintiffs responded, stating that while they did not oppose withdrawal, if sought for legitimate reasons, DE #11 failed to comply with LR 83.6. DE #13. Subsequently, on September 6, 2018, the Court denied counsel's motion to withdraw for failure to comply with the Local Rules but held the action in abeyance for thirty days to allow Eagle to obtain new corporate counsel. DE #13.

---

[1] *See* KRS § 292.320. Kentucky's Blue Sky Law prohibits, in essence, making misleading or fraudulent statements or representations in connection with a security sale.

The period of abeyance has lapsed, and Eagle has not obtained new counsel; previous counsel remains counsel of record. Further, the pending motions are fully ripe,[2] if not fully briefed—Eagle did not respond to the Motion to Compel (DE #10), nor did it reply in support of its Motion to Dismiss (DE #8).

## II. Motion to Dismiss

In considering a motion to dismiss, courts must view all well-pleaded facts as true, but they need not accept a plaintiff's legal conclusions. *See Erickson v. Pardus*, 127 S. Ct. 2197, 2220 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)); *see also Papasan v. Allain*, 106 S. Ct. 2932, 2944 (1986)). Dismissal is appropriate only if the plaintiff could not prove any set of facts supporting the allegations that would entitle it to relief. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In sum, a complaint need only contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1924. Without citing a specific subdivision of Federal Rule of Civil Procedure 12(b),[3] however, Defendants move to dismiss, or alternatively, to transfer the case to the Fayette County Circuit Court, based on the stock purchase agreements' choice-of-forum provisions. *See* DE ##8-1 ¶ 21, 8-2 ¶ 21.

It is well settled that a choice of forum clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."

---

[2] This, of course, takes into account the tolling of response and reply periods resulting from the expired term of abeyance.

[3] It is not settled which subdivision of Rule 12(b) is the proper mechanism for seeking dismissal based on a choice of forum clause. *See, e.g.*, *Security Watch, Inc. v. Sentinel Systems, Inc.*, 176 F.3d 369, 371 n.2 (6th Cir. 1999) (noting disagreement among the Circuits and collecting cases); *see also Lawson Steel, Inc. v. All State Diversified Products, Inc.*, No. 1:10-cv-1750, 2010 WL 5147905, *1, *5 (N.D. Ohio November 23, 2010) (substantively discussing the disagreement on this issue). However, as the proceeding discussion explains, the Court need not determine that question here.

*M/S Bremen v. Zapata Off–Shore Co.*, 92 S. Ct. 1907, 1913 (1972). No party contests the validity, enforceability, or reasonableness of the forum selection clause. Rather, Plaintiffs simply contend that this action falls outside its terms. The forum-selection clause provides, in relevant part: "Any action to enforce the terms of this contract shall be brought in the district or circuit courts of Fayette County, Kentucky, as applicable." DE #8-1 at 5; DE #8-2 at 5. This provision is identical in both Muzek's and Orvitz's purchase agreements, and it is the sole reference to a mandated forum in either agreement. Under any fair reading of the Complaint, Plaintiffs certainly do not seek "to enforce the terms of" the stock purchase agreements. The facts pleaded in the Complaint are entirely unrelated to the purchase agreements' terms or enforceability—indeed, Plaintiffs do not even attach copies of the agreement to their Complaint, as the agreements themselves are essentially irrelevant to the Complaint's claims. *See* DE #1. Rather, Plaintiffs' various causes of action challenge Defendants' representations that, allegedly, fraudulently induced them to enter the agreement, to their detriment. The case seeks to rescind or recover despite the contracts; the forum selection clause is not apt.

As a threshold issue, the Court notes that Defendants have not moved the Court to set aside the entry of default against them. *See* DE #7. Nor does DE #8 address the issue of default. Rule 55(c) allows the Court to set aside an entry of default "[f]or good cause shown[.]" Fed. R. Civ. P. 55(c). Even given the lenient standard for evaluating requests to set aside default, liberally favoring the defaulting party, the Court cannot discern a showing approaching good cause on this record. *See, e.g.*, *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990) (noting the liberality of Rule 55(c)'s good-cause standard). A party in default is in no position to cavil over the chosen forum.

### III. Motion to Compel

The motion to compel is an interesting one. Essentially, Plaintiffs seek a judgment on Count I, which pursues the same access relief. Given the case posture (with Defendants in default), and given the substantive relief sought, the Court DENIES the motion without prejudice. Plaintiffs can either forge on to final judgment via a proper motion or can seek expedited case discovery to access information pertinent to the fraud or other claims. Because DE #10 is functionally a summary judgment motion, the Court views that as an ill fit given the procedural stage and procedural changes to this point.

### IV. Conclusion

Accordingly, the Court **DENIES** Defendants' Motion to Dismiss the case (DE #8) and **DENIES**, without prejudice, Plaintiff's Motion to Compel (DE #10).

This the 29th day of October, 2018.

Signed By:
*Robert E. Wier* REW
United States District Judge